IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

FILED
MAY 12 2008
William B. Guthrie
Clerk, U.S. District Court
By_____
Deputy Clerk

AUBREY DEAN ELWOOD, )
)
Plaintiff, )
)
v. ) No. CIV 06-176-RAW-SPS
)
JOHN TADLOCK, et al., )
)
Defendants. )

## OPINION AND ORDER

This action is before the court on the defendants' motion to dismiss for plaintiff's failure to comply with the court's order regarding discovery requests, and for plaintiff's failure to prosecute [Docket #127]. Plaintiff filed this civil rights complaint, pursuant to 42 U.S.C. § 1983, on May 11, 2006 [Docket #1]. He amended the complaint three times, filing his third amended complaint on July 19, 2007 [Docket #110]. Plaintiff alleges in the third amended complaint that he was denied treatment for his serious mental health needs while incarcerated in the McCurtain County Jail in Idabel, Oklahoma. He also claims he was subjected to excessive force at the jail and was denied access to basic hygiene. The remaining defendants are John Tadlock, McCurtain County Sheriff; Jason Lincoln, McCurtain County Jail Administrator; Russ Miller and Brent Willis, McCurtain County Jail Shift Supervisors; and Jason Stuart, McCurtain County Jailer.

On October 17, 2007, plaintiff filed a notice of change of address, advising he had been transferred to a facility in Muskogee, Oklahoma [Docket #118]. The court entered a scheduling order on October 23, 2007 [Docket #119]. On February 4, 2008, Defendant Jason

Lincoln filed a motion to compel plaintiff's response to discovery requests [Docket #123]. According to Defendant Lincoln's motion, plaintiff received the discovery requests at an address in Enid, Oklahoma, but the requests were not answered. The court directed plaintiff to respond to the discovery requests by February 15, 2008, and to file a notice of his correct address with the Court Clerk immediately, pursuant to Local Civil Rule 5.5 [Docket #124]. No change of address was filed.

On February 20, 2008, the defendants filed a motion to dismiss for lack of prosecution and for plaintiff's failure to comply with the court's order to answer discovery requests [Docket #127]. The court directed plaintiff to show cause in writing by March 10, 2008, why the defendants' motion to dismiss should not be granted [Docket #128]. Plaintiff was further advised that his failure to show cause as directed would result in dismissal of this case. On March 4, 2008, the court's order, which was sent to plaintiff's latest address in Muskogee, was returned with a notation of "Attempted, Not Known" [Docket #129]. Pursuant to Local Civil Rule 5.5, papers sent by the court to the last known address given to the court are deemed delivered.

A district court may dismiss an action under Rule 41(b) only after considering whether certain factors support a dismissal. These factors, set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992), include "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) (quotation and alteration omitted) (applying *Ehrenhaus* factors to dismissal under Rule 41(b)).

Here, the court finds plaintiff has ceased to prosecute his case. After the court entered its scheduling order on October 23, 2007, plaintiff's filed a second motion for appointment of counsel, which was denied on October 30, 2007 [Docket #120 & #121]. On October 31, 2007, he filed a stipulation of dismissal with prejudice of certain defendants [Docket #122], but he has had no further participation in this action.[1] Plaintiff has failed to respond to the defendants' discovery requests or to file his pretrial documents, in accordance with the scheduling order, although he acknowledged his deadlines under the scheduling order in his second motion for appointment of counsel. The defendants, therefore, have been prejudiced by their inability to complete discovery and prepare for trial.

The court has attempted to notify plaintiff of the consequences of his inaction, but he has not provided a current mailing address. Plaintiff clearly is culpable for his failure to advise the court of his location, because the court's local rules obligate him to notify the court of address changes, and because the court ordered him on February 5, 2008, to submit his current address. His failure to prosecute this action has prejudiced the judicial system by the lack of any meaningful advancement in the case and by the time the court has spent attempting to compel discovery responses from him. Finally, the court finds that sanctions less than dismissal would be ineffective, because plaintiff has failed to communicate with the court or to comply with the court's orders in this case.

**ACCORDINGLY,** this action is, in all respects, DISMISSED for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b).

---

[1] The second motion for appointment of counsel listed plaintiff's Muskogee address, but he indicated below his signature on the stipulation of dismissal that he was at Jess Dunn Correctional Center in Taft, Oklahoma. Plaintiff has not notified the court that his mailing address has changed from the Muskogee facility.

**IT IS SO ORDERED** this /2ᵗʰ day of May 2008.

*[signature: Ronald A. White]*

RONALD A. WHITE
UNITED STATES DISTRICT JUDGE